**NOT FOR PUBLICATION**

**FILED**

AUG 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUILLERMO BONILLA-CHIRINOS; SANDRA HERNANDEZ, individually and as guardians ad litem for J.B., a minor; J. B., a minor, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> THOMAS MAGGIANO, West Sacramento Police Officer; MICHELLE TATE, West Sacramento Police Officer, <br><br> Defendants-Appellants, <br><br> and <br><br> CITY OF WEST SACRAMENTO; KENNETH FELLOWS, West Sacramento Police Officer; JENNIFER GRILLAT, West Sacramento Police Officer; ERIC ANGLE, West Sacramento Police Officer; MATTHEW LUIZ, West Sacramento Police Officer; DAVID STALLIONS, West Sacramento Police Officer; ANTHONY HERRERA, West Sacramento Police Officer, <br><br> Defendants. | No.   18-15260 <br><br> D.C. No. 2:15-cv-02564-WBS-EFB <br><br> MEMORANDUM[*] |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted August 8, 2019
San Francisco, California

Before: O'SCANNLAIN, McKEOWN, and BENNETT, Circuit Judges.

Police officers Thomas Maggiano and Michelle Tate appeal the district court's denial of summary judgment and qualified immunity with respect to a claim against them of deprivation of familial association under 42 U.S.C. § 1983. Specifically, Guillermo Bonilla-Chirinos, Sandra Hernandez, and their minor son, J.B. (collectively, "the family"), claim that the officers' refusal to allow Hernandez to make a phone call from the scene of the parents' arrests to coordinate for the care of J.B. violated their right to familial association. On appeal, the officers argue that the denial of the phone call from the place of arrest was not a constitutional violation and that, regardless, they are entitled to qualified immunity because no such right was clearly established. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

To defeat a defense of qualified immunity, the family must demonstrate, "first, [that they] suffered a deprivation of a constitutional or statutory right; and second [that such] right was clearly established at the time of the alleged misconduct." *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016) (quoting

2

*Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (per curiam)). However, we have discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "Thus, we may grant qualified immunity if 'the facts that a plaintiff has alleged or shown [do not] make out a violation of a constitutional right' or if 'the right at issue was [not] "clearly established" at the time of defendant's alleged misconduct.'" *James v. Rowlands*, 606 F.3d 646, 651 (9th Cir. 2010) (alterations in original) (quoting *Pearson*, 555 U.S. at 232).

II

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (internal quotation marks and alterations omitted) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640 (1987)). To demonstrate that a constitutional violation is clearly established, there need not be "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id.*

The family has not cited a single case from the Ninth Circuit or any other court that holds that declining a parent's request to make a phone call from the

3

place of his arrest violates the constitutional right to familial association. Although the family attempts to rely on California Penal Code § 851.5 and police department policy, such reliance is unavailing. Neither cited provision of the state statute is directly relevant to the situation at hand: section (a) governs the right to make phone calls "upon being *booked*," rather than upon *arrest*, and section (c) requires officers to inquire if the arrested person is a custodial parent and, if so, to notify the parent that "he or she is entitled to, and may request to, make two additional phone calls" to arrange for the care of the child. Cal. Penal Code § 851.5 (emphasis added).

Because the statute does not require that officers provide arrestees an opportunity to make a phone call from the place of their arrest to coordinate for the care of minor children at the scene, our decision in *Carlo v. City of Chino*, 105 F.3d 493 (9th Cir. 1997), does not require a decision otherwise. Furthermore, we have explained previously that "[w]hether the [officers] violated a state law or an internal departmental policy is not the focus of our inquiry." *Case v. Kitsap Cty. Sheriff's Dep't*, 249 F.3d 921, 929 (9th Cir. 2001).

Because the right was not clearly established at the time of the officers' conduct, they are entitled to qualified immunity on the familial association claim to the extent it is based on the denial of the phone call from the place of arrest.

**REVERSED** and **REMANDED**.

4